

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,199

### EX PARTE RICARDO FLORES RODRIGUEZ III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-3355-06-G IN THE 370TH DISTRICT COURT
### FROM HIDALGO COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that the charges in this cause were dismissed and that he should not be serving a sentence in the Texas Department of Criminal Justice–Correctional Institutions Divisions. According to the record, Applicant filed a motion to withdraw his guilty plea. After holding a hearing, the trial court orally granted Applicant's motion, but it did not sign the written order

Applicant had prepared. The trial court then granted the State's motion to dismiss the charges, but because the order granting Applicant's motion to withdraw his plea was never signed, the trial court did not have the authority to dismiss the charges. *See* TEX. R. APP. P. 21.8(b).

On October 1, 2008, we remanded this application and directed the trial court to order counsel to file an affidavit. On remand, counsel filed an affidavit stating that he either did not check to determine if the trial court had signed the order or mistook the order for a different order. The trial court concluded that counsel rendered ineffective assistance and recommended that we grant Applicant relief. We agree. Accordingly, Applicant is ordered returned to that time at which he may file a motion for new trial. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues.

Delivered: August 19, 2009
Do Not Publish